IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL HARRISON,

      Petitioner,               No. CIV S-09-1311 FCD GGH P

     vs.

D.K. SISTO, et al.,

      Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed May 12, 2009. Petitioner challenges the 2008 decision of the California Board of Parole Hearings finding him unsuitable for parole.

        Pending before the court is respondent's August 10, 2009, motion to dismiss on grounds that the claims are not exhausted. After carefully reviewing the record, the court recommends that respondent's motion be granted.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986)

A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered" absent special circumstances. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989). "Raising the claim in such a fashion does not ... constitute 'fair presentation.' " Castille, 489 U.S. at 351, 109 S.Ct. at 1060. If it is clear that a claim is procedurally barred and may no longer be heard in the California courts, exhaustion may be found; however, if a possibility remains that the California Supreme Court will consider such a claim, then it is unexhausted and must be dismissed. See id.; see also Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir.1991).

On January 7, 2009, petitioner filed a habeas corpus petition in the Riverside County Superior Court challenging the 2008 BPH decision. Motion to Dismiss, Exhibit 1. On January 20, 2009, citing Cal. Penal Code § 1475, the Riverside County Superior Court denied the petition because it contained no proof of service that it was served on the district attorney of the county where petitioner was held. Id., Exhibit 2.

On February 9, 2009, petitioner filed a habeas corpus petition in the California Court of Appeal challenging the 2008 BPH decision. Id., Exhibit 3. This petition also was not served on the district attorney where petitioner was held. Id. On February 23, 2009, the California Court of Appeal denied the petition without comment or citation. Id., Exhibit 4.

On March 3, 2009, petitioner filed a petition for review of the order of the California Court of Appeal in the California Supreme Court. Id., Exhibit 5. This petition was not served on the district attorney of the county where petitioner was held. Id., Exhibit 5. On April 27, 2009, the California Supreme Court denied the petition for review without comment or citation. Id.

/////

The United States Supreme Court has held that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991).

While the requirement for serving the district attorney set forth in Cal. Penal Code § 1475 applies to habeas corpus petitions, petitioner filed a petition for review in the California Supreme Court. However, the petition for review asked the California Supreme Court to review the decisions of the lower courts, which denied the petitions based on petitioner's failure to serve the District Attorney. Therefore, by denying the petition for review, the California Supreme Court upheld these lower decisions, even if petitioner was not required to serve the district attorney with the petition for review.

By failing to serve the district attorney, petitioner did not present his claims in a procedural context in which the merits of the petition could be considered. Because petitioner is not barred from pursuing these claims in state court if he complies with Penal Code § 1475 and serves the district attorney, his claims are not exhausted. For these reasons, respondent's motion to dismiss should be granted.[1]

If petitioner files objections to these findings and recommendations, he may address whether a certificate of appealability should issue if he files a notice of appeal. Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability

---

[1] The undersigned has considered whether the denial of the initial Superior Court habeas petition on account of lack of service on the district attorney is a procedural bar ruling as opposed to a failure to exhaust. However, the undersigned has concluded that the ruling of the Superior Court is more akin to an In re Swain, 34 Cal. 2d 300 (1949) type exhaustion ruling rather than a procedural bar. In essence, petitioner in this case was being told that the court could get to the merits if he complied with an appropriate filing requirement. In true procedural bar situations petitioner is told that the court need not, or will never, get to the merits because of a deficiency in the prior proceedings or an incurable defect in the petition process before the ruling state court. That is not the case here.

1  may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the
2  denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate
3  of appealability indicating which issues satisfy the required showing or must state the reasons
4  why such a certificate should not issue.  Fed. R. App. P. 22(b).

5  Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
6  dismiss (no. 10) be granted.

7  These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
9  one days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: 12/08/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

18 har1311.mtd